### COLUMBIA BANK v. JOHN H. SPRING.

The interest of a partner in partnership property may be taken in attachment by his individval creditor.   Where, upon a claim of property by the other partners, the evidence is that the defendant in attachment had a partnership interest in the property attached, it is error for the jury to find in general terms for the claimants.

On *certiorari.*

Argued at February Term, 1893, before Justices VAN SYCKEL and GARRISON.

For the prosecutor, *Howard Carrow.*

For the defendant, *William I. Lewis.*

The opinion of the court was delivered by

GARRISON, J.   The proceeding removed by this *certiorari* is a trial of a claim of property under the Attachment act. The jury found property in the claimants, Roberts & Sweitzer, whereupon this writ was sued out by the attaching creditor, the Columbia Bank.   The return of the sheriff, which is conclusive as to what took place at the trial, shows the following state of facts : The goods in question had been the property of John H. Spring.   Spring had sold the property to Roberts & Sweitzer, who had taken Spring into partnership and left him in charge of the partnership property.   The Columbia Bank attached the goods for a debt due it from Spring, whereupon Roberts & Sweitzer claimed the property, and the sheriff's jury called to try the title found property in the claimants. The charge of the sheriff to the jury and the argument before us both proceeded upon the notion that the decisive questions were the *bona fides* of the sale to Roberts & Sweitzer and the legality of their possession.   But this view of the case ignores entirely a salient fact, viz., that the claimants constituted Spring a partner in the property they had purchased from him, and left it in his possession as partner.   In the face of this indisputable fact the verdict was clearly wrong.   Assuming, as the jury evidently did, the truth of the claimants' account of their purchase and possession, their finding should have been that the goods attached were the property of the claimants in a partnership of which Spring was a member.

The result of such a verdict would not have been to discharge the attachment, but to limit it to the interest of Spring in the partnership property attached.   *Hill* v. *Beach,* 1 *Beas.* 31.

As this error is one that cannot be corrected in this court, the verdict must be set aside and the sheriff directed to summon a new jury, that the issue may be tried in accordance with the views here expressed.   The costs already incurred should be borne by the plaintiff, since in any event some property was shown in the claimants.   *Rev., p.* 46, §§ 29, 30.